IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", <br><br> Defendants. | Case No. 23-cv-16575 <br><br> Judge John J. Tharp, Jr. <br> Magistrate Judge Gabriel A. Fuentes |

**EXTENSION OF TEMPORARY RESTRAINING ORDER**

THIS CAUSE being before the Court on Plaintiff TR Tools, LLC's *Ex Parte* Motion to Extend the Temporary Restraining Order against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint (collectively, the "Seller Aliases"), and this Court having heard the evidence before it hereby GRANTS Plaintiff's *Ex Parte* Motion and orders that the Temporary Restraining Order ("TRO") entered on December 8, 2023, as amended on December 11, 2023, shall be extended for a period of fourteen (14) days until January 5, 2024 and shall apply to the Defendants identified in Schedule A attached to the corrected TRO (ECF No. 11).

Rule 65(b)(2) states that a temporary restraining order entered without notice may be extended provided a party can show, prior to expiration of the order, good cause for such an extension. Fed. R. Civ. P. 65(b)(2). This Court finds good cause for an extension and that additional time is needed before a preliminary injunction hearing can be held in this case for at least the reasons stated herein. Specific facts in the Motion showed that additional time is needed for third parties to comply with the TRO. Good cause also exists for the extension because there is a significant probability that the Defendants will continue to harm Plaintiff without the TRO in

place. Specifically, Defendants may attempt to move any assets from their financial accounts to offshore bank accounts. As found by the Court in granting the TRO, this possibility of harm is significant. Accordingly, in the interest of justice, extension of the TRO is warranted.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Huisman included with Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to offshore accounts. Proceedings against those who deliberately traffic in counterfeit merchandise are often useless if notice is given to the adverse party. Accordingly, this Court orders that the TRO shall be extended for a period of fourteen (14) days until January 5, 2023. This TRO will not be further extended absent consent. If the Plaintiff seeks to convert the TRO to a preliminary injunction, all requirements for the service of process and the issuance of such an injunction must be satisfied and an appropriate motion must be served at least three business days prior to the expiration of the TRO.

Date: December 19, 2023

John J. Tharp, Jr.
United States District Judge